No. 2748

Second Circuit

McEACHERN v. ADCOCK ET AL.

(March 24, 1930. Opinion and Decree.)
(April 10, 1930. Rehearing Refused.)

Atkins & Meadows, of Homer, and J. Rush Wimberly, of Arcadia, attorneys for plaintiff, appellee.

Goff & Barnette, of Arcadia, and J. W. Elder of Ruston, attorneys for defendants, appellants.

WEBB, J. This is an action against an accommodation indorser of a promissory note. The note was drawn on a form in which the name of the "The Citizens' Bank" was printed as the payee. In the note sued upon the name "The Citizens' Bank" was stricken out and the name of plaintiff written as the payee.

Plaintiff, J. C, McEachern, was the president of the Citizens' Bank, and Mrs. J. W. Adcock, the drawer of the note, obtained the form from plaintiff at Haynesville, La., the domicile of the bank, and she and H. L. Cleveland drove, in an automobile, from Haynesville to Gibsland, La., where the instrument was presented, by Cleve-land, to W. L. Hamner, a merchant doing business at Gibsland, who wrote his name on the back of the instrument, and Mrs. Adcock and Cleveland returned to Haynesville, and the note was delivered to plaintiff.

Mrs. Adcock failed to pay the note, and plaintiff brought this action against Hamner, the indorser, who is the appellant here.

In answer to the suit, defendant denied that plaintiff was the holder or owner of the note, and alleged that at the time he signed the indorsement the payee was the Citizens' Bank, and that the name of the bank was stricken out and that of plaintiff substituted as payee without defendant's knowledge or consent; and defendant also pleaded, in the alternative, that plaintiff was indebted to the drawer of the note in an amount greater than the amount of the note, and pleaded that any amount due by plaintiff to the drawer should be credited on the note, etc.

On the day of the trial defendant offered to file an amended answer, in which he alleged that the "note was payable to the Citizens Bank and it was intended that said note should be payable to Citizens Bank and that if he had known that the payee in said note would be changed or made payable to an individual, he would not have endorsed the said note"; but the amended answer was not allowed to be filed, and the trial was had on the original answer and judgment was rendered against defendant.

Appellant urges here that the court erred in refusing to allow the amended answer to be filed, and, further, that the evidence established that the note had been altered and plaintiff substituted as the payee without defendant's consent, and that the judg-

ment should be reversed or the case remanded for a new trial with instructions to allow the amended answer to be filed.

As to the defense set out in the amended answer, that the note had been altered subsequent to defendant's indorsement of it, it was merely a reiteration of the defense set up in the original answer, with the exception that, in the original answer, the charge that the instrument had been altered was made upon information alleged to have been communicated to defendant by the drawer, Mrs. Adcock, and as it is not suggested that defendant was prevented from introducing any evidence in support of the charge under the original answer which he could have introduced under the amendment, we do not think he had any cause to complain, or that defendant had any right to file an amendment to reiterate defenses made in his original answer.

Relative to the allegation in the amended answer that it was intended that the note should be made payable to the Citizens' Bank, we presume it will be conceded that whatever may have been the intention if defendant did indorse the note made payable to plaintiff, the defense that the note was altered would fall, and as evidence was offered pro and con relative to the charge that the note was altered, we do not think defendant was prejudiced by the refusal to allow the amended answer to be filed, and the same is true as to the allegation that defendant would not have indorsed the note had he known it was payable to an individual, as defendant was permitted to state why he would not have indorsed a note payable to an individual.

The testimony of the parties relative to the charge that the note had been altered was directly conflicting, plaintiff testifying that the name of the Citizens' Bank had been stricken out and his name written as payee when the form was given to Mrs. Adcock at Haynesville, while defendant stated that the Citizens' Bank was the payee when he indorsed the instrument, and Mrs. Adcock stated that the Citizens' Bank was named as the payee when she delivered the note to plaintiff after returning with it from Gibsland, and Mr. Cleveland also said he had read the note on the return trip from Gibsland to Haynesville and that the Citizens' Bank was named as the payee.

There is not any motive suggested that could have induced plaintiff to alter the note, and even if plaintiff had found himself in the dilemma of having advanced his funds on a note payable to the bank, there is not any reason suggested why he should have taken the course of altering the note to extricate himself rather than to have had the bank transfer the note to him; but if plaintiff did alter the note, it is not probable that he, a banker and familiar with commercial law, could have forgotten such an incident; and while the witnesses for defendant are positive, the record indicates they may have been merely in error.

Mrs. Adcock was in need of funds, and she made a very hurried trip to Gibsland to procure defendant's indorsement, and the evidence indicates that defendant was given very little time for reflection after the instrument was presented to him for indorsement, and his answer (in which the charge that the note had been altered was made on information alleged to have been communicated to him by Mrs. Adcock) indicates that he had not paid especial attention to who was named as the payee of the note. Mrs. Adcock and defendant appear to have been under the impression that the funds obtained by Mrs. Adcock

were advanced by the bank, although the evidence conclusively shows they were advanced by plaintiff, and the note was not listed among the assets of the bank. It is not improbable that the statement that the bank was named as payee arose from the erroneous impression that the bank had furnished the funds.

Be that as it may, however, from our review of the record we do not find a single circumstance which tends to support the defense that the note was altered by plaintiff, and although the majority of the witnesses stated that it had been altered, our impression is that the judgment is correct, and it is affirmed.